NINA SNYDER v. G. W. WARD, Appellant.

**Sidewalks:** OBSTRUCTION: INSTRUCTIONS. In an action for injuries caused by obstructing a walk, a charge that if they found defendant had no implied authority to place wire around the parking along the walk, they might consider whether it obstructed the street and if so whether it was dangerous, in determining which they might consider whether that portion of the street on which the wire was placed was traveled and the amount of travel, was not so misleading or confusing as to prejudice defendant.

**Amendments.** It is not error to permit an amendment on the eve of trial, where no delay is asked on account thereof, and the court does not deem it necessary to strike it for his own protection.

*Appeal from Hardin District Court.*— HON. J. R. WHITAKER, Judge.

TUESDAY, JULY 12, 1904.

SUIT to recover damages for a personal injury caused by the obstruction of a public walk. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Ward & Hays* and *J. H. Scales,* for appellant.

*Albrook & Lundy,* for appellee.

SHERWIN, J.— Under an ordinance of the city of Eldora, the owners of property abutting streets are permitted to park the streets from the sidewalk to the curb line. This had been done by the defendant, and, to protect his parking, he had placed a wire around a portion of it. While passing along the sidewalk in front of the defendant's premises, the plaintiff was tripped by a wire extending over the walk, and fell, breaking one of her arms. There is a conflict in the evidence as to the size and kind of wire placed around the parking by the defendant, and as to its kind and size at the time of the injury, and also as to whether the plaintiff was tripped by wire which had been placed there by the defendant. The evidence supporting the appellee's contention on these points, and her further claim that the defendant was negligent in not so securing the wire as to keep it off of the sidewalk, is of such character as to preclude our interference with the verdict of the jury. The trial court therefore rightly refused to direct a verdict for the defendant, and to arrest judgment after verdict.

The court instructed that if the defendant had no implied authority to place wire around or upon the parking, the jury might consider whether it obstructed the street, and if so, whether such obstruction was dangerous to persons using the street; and the jury was told that in determining those questions, it might consider whether or not the portion of the street on which the wire was placed was traveled, and the amount of travel thereon. This instruction was based upon

an issue presented by the pleadings, and was not so confusing and misleading as to prejudice the defendant.

Complaint is made of the fourth and tenth instructions given by the court, because it is said there was no evidence that the wire which tripped the plaintiff was placed there by the defendant, or that he was negligent in placing or in fastening it. As we have heretofore said, there was sufficient evidence on these points to take the case to the jury, and to require an instruction thereon. In this and in other instructions the jury was told that if the wire was placed on the parking without the consent of the city, and constituted a public nuisance, the plaintiff might recover, the other necessary elements of her case being proven. It is contended that these instructions were erroneous because there was neither issue nor evidence authorizing them, but in this the appellant is mistaken. Such negligence was pleaded in an amendment to the petition, and there is evidence tending to support the issue.

We do not find that Exhibit 1 was put in evidence, but if it was, there was no prejudicial error in admitting it, because of the conflict in the testimony to which we have heretofore referred.

There was no error in permitting an amendment to the petition upon the eve of the trial. The defendant asked for no delay of the trial on account thereof, and the trial judge did not deem it necessary to strike it for his own protection.

We find no error in the record demanding a reversal of the case, and it is *affirmed*.